UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: **09-CV-61160-Ungaro-Simonton**

**DANIEL TURNER,** individually and on behalf of all others similarly situated,

Plaintiff,

v.

**STERLING BANK**, a Florida Corporation

Defendant.



FILED by _VT_ D.C.
ELECTRONIC

July 31, 2009

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

## CLASS ACTION COMPLAINT

COMES NOW, the Plaintiff, DANIEL TURNER, on behalf of himself and those similarly situated, hereinafter "Plaintiff" by and through the undersigned counsel and hereby brings this action against Defendant, STERLING BANK, hereinafter "Defendant", for statutory and/or actual damages for violations under the Electronic Fund Transfers Act, 15 U.S.C. §1693 *et seq.* (hereinafter the "Act"), and Regulation E, 12 CFR 205 *et seq.* which contains the regulations as promulgated by the Board of Governors of the Federal Reserve System for the purpose of implementing the Act (both of which shall hereinafter be collectively referred to as the "EFTA"), and in support thereof alleges as follows:

## JURISDICTION

1. Jurisdiction is conferred on this Court by Title 28 U.S.C. §1331 and 15 U.S.C. §1693 *et seq.*

## VENUE

2. Venue is proper in the United States District Court for the Southern District of Florida pursuant to 28 U.S.C. §1391 (b) and (c), as the unlawful practices alleged herein took place in BROWARD County, Florida, and the Defendant is a Florida Corporation who transacts business in BROWARD County, Florida, and the transaction that is the basis of Plaintiff's Complaint occurred within the District and venue, therefore, properly lies in this Court.

## PARTIES

3. Plaintiff, DANIEL TURNER is an individual residing in the County of Miami-Dade, State of Florida, and is a "consumer" as defined by §1693a(5) of the EFTA. Plaintiff seeks to represent a class of consumers as defined by 15 U.S.C. §1693a(5).

4. Plaintiff, on behalf of himself and all other similarly situated customers of Defendant, brings this action against Defendant based on the Defendant's practice of violating 15 U.S.C. §1693b(d)(3)(C), a provision of the EFTA.

5. Defendant, STERLING BANK, a Florida Corporation, is an automated teller machine operator as defined by 12 CFR 205.16(a) as "any person that operates an automated teller machine at which a consumer initiates an electronic fund transfer or a balance inquiry and that does not hold the account to or from which the transfer is made, or about which an inquiry is made."

## BACKGROUND

6. The EFTA, was first enacted in 1978 to define the rights and liability of consumers and other parties who participate in electronic funds transfers ("EFT") transactions.

7. Among other things, EFTA provides how and when specified disclosures by operators of

automated teller machines ("ATMs") should be given to consumers who utilize such ATMs.

8. The EFTA, codified as 15 U.S.C. §1693b(d)(3)(A) and as implemented in 12 CFR 205.16(b) requires an operator of an ATM who imposes a fee on a consumer for conducting a transaction involving an EFT or balance inquiry to disclose to such consumer, at the time the transaction is conducted, an accurate notice of such fee on the outside of the ATM in addition to providing a second notice of such fee on the screen of the ATM stating that: (i) a fee is being imposed by the operator for providing the service; and (ii) the amount of such fee. Both notices are required to be conspicuously displayed.

9. 15 U.S.C. §1693b(d)(3)(B) states (emphasis added):

> (B) Notice requirements
>
> (i) <u>On the machine</u>: the notice required under clause (i) of subparagraph (A) with respect to any fee described in such subparagraph **<u>shall be posted in a prominent and conspicuous location on or at the automated teller machine at which the electronic fund transfer is initiated by the consumer.</u>**
>
> (ii) <u>On the screen</u>: the notice required under clauses (i) and (ii) of subparagraph (A) with respect to any fee described in such subparagraph shall appear on the screen of the automated teller machine, or on a paper notice issued from such machine, after the transaction is initiated and before the transaction, except that during the period beginning on November 12, 1999, and ending on December 31, 2004, this clause shall not apply to any automated teller machine that lacks the technical capability to disclose the notice on the screen or to issue a paper notice after the transaction is initiated and before the consumer irrevocably committed to completing the transaction.

10. The implementing regulation 12 CFR 205.16(c)(1) states that in order to comply with the notice requirement, an ATM operator must provide the following notices:

> (1) On the machine. Post the notice required by paragraph (b)(1) of this section in a prominent and conspicuous location on or at the automated teller machine <u>and</u>
>
> (2) Screen or paper notice. Provide the notice required by paragraphs (b)(1) and (b)(2) of this section either by showing it on the screen of the automated teller

machine or by providing it on paper, before the consumer is committed to paying a fee.

11. 15 U.S.C. §1693b(d)(3)(C) and its implementing regulation, 12 CFR 205.16(e), provides that no fee may be imposed by an ATM operator in connection with any electronic fund transfer initiated by a consumer for which a notice is required unless the consumer receives such notice in accordance with the above referenced statutory notice requirements.

12. 15 U.S.C. §1693b(d)(3)(C) specifically states as follows (emphasis added):

> (C) Prohibition on fees not properly disclosed and explicitly assumed by consumer. **No fee may be imposed** by any automated teller machine operator in connection with any electronic fund transfer initiated by a consumer for which a notice is required under subparagraph (A), **unless** – (i) the consumer receives such notice in accordance with subparagraph (B).

## COUNT I
## VIOLATION OF THE ELECTRONIC FUND TRANSFERS ACT, 15 U.S.C. §1693b(d)(3)(C)

13. Plaintiff re-alleges and incorporates the allegations contained in paragraphs 1 through 12 herein.

14. At all times material to this action, Plaintiff, and those other consumers similarly situated, respectively initiated electronic fund transfers or balance inquiries with the Defendant using Defendant's ATM.

15. On August 2, 2008 at 1201 SOUTH ANDREWS AVENUE, FORT LAUDERDALE, FLORIDA, Plaintiff initiated an EFT by using an ATM operated by the Defendant for the purpose of withdrawing money. A copy of the electronically generated receipt which was provided by the Defendant to the Plaintiff is attached hereto as Exhibit "A" and is incorporated herein by reference.[1]

16. At the time Plaintiff initiated the EFT transaction with the Defendant, Defendant's ATM had no posted notice in a prominent and conspicuous location on or at the Defendant's

---

[1] The electronically printed receipt contained in Exhibit "A" may be redacted to protect the privacy of the Plaintiff.

ATM that disclosed that any fee would be charged to the Plaintiff for the use of such ATM as required by EFTA. Photograph(s) accurately depicting the lack of such fee notice are attached hereto as Composite Exhibit "B".

17. Despite the lack of posted fee notice, Plaintiff and all other members of the proposed class were charged a fee in the amount of $2.00. *See* Exhibit "A".

18. Upon information and belief, numerous consumers, aside from the Plaintiff, have been assessed the fee and continue to be assessed the fee by the Defendant despite not having any posted notice disclosing such fee on or at the outside of this ATM and other ATMs operated by the Defendant.

19. Defendant's violations as stated herein, were not an isolated incident or an accidental oversight. Defendant operates numerous ATMs and has chosen to ignore the fee notice posting requirement on or about the outside of the ATM.

20. As a result of Defendant's EFTA violations, Plaintiff, and those other consumers similarly situated, have suffered costs and expenses as well as actual damages and are thus entitled to an award of actual damages pursuant to 15 U.S.C. §1693 *et seq.*, statutory damages pursuant to 15 U.S.C. §1693m(a)(2)(A) in the amount of not less than $100 and not more than $1,000.00 for each violation by Defendant, and reasonable attorneys fees and costs from Defendant.

## CLASS ALLEGATIONS

21. Plaintiff brings this action both individually and as a Class Action pursuant to Fed. R. Civ. P. 23(a) and (b)(3).

22. <u>Class Definition</u>: Plaintiff seek to represent a class of Defendant's customers, (the

"Class"), which Plaintiff reserves the right to amend upon the completion of discovery, as follows:

> All customers residing in the United States, who, within the past three (3) years, initiated an EFT transaction with the Defendant at the ATM operated by the Defendant which was located at 1201 SOUTH ANDREWS AVENUE, FORT LAUDERDALE, FLORIDA and who was charged a fee by the Defendant despite Defendant not having posted the fee notice disclosure of such fee on or about the outside of the ATM.

Excluded from the Class is the Defendant, any parent, subsidiary and/or affiliated entity of the Defendant, Defendant's directors, officers, and members of their immediate families.

23. There is a well-defined community of interest in the litigation. The members of the proposed Class, can be ascertained from Defendant's records and/or from information readily accessible to Defendant. Since Defendant was the operator of the subject ATM, the information is exclusively within the control of the Defendant. Notice may be sent to Class members by email, website notice, publication in newspapers and periodicals, or by other methods suitable to Class and deemed appropriate by this Court. Defendant has contact information for each and every member of the Class as it has each Class member's bank account number.

24. <u>Numerosity</u>. The members of the Class are so numerous it would be impractical to not join each individual member in the Class into this one action. The disposition of the individual claims of the respective class members in this Class Action will benefit both the parties and the Court through the efficient use of limited Court resources.

25. Plaintiff, upon information and belief, calculate that there are thousands of members in the Class herein described.

26. <u>Adequacy of Representation</u>. Plaintiff, himself, and through his undersigned attorney,

will adequately, fairly and vigorously represent and protect the Class and the prosecution of the actions by individual members of the Class and the prosecution of distinct and separate actions by the individual members of the Class would create the risk of (a) inconsistent or varying adjudications with respect to individual members of the Class which would create irreconcilable standards of conduct for the Defendant; and/or (b) adjudications with respect to individual members of the Class which would, as a practical matter, be dispositive of the interests of the other members who are not parties to the adjudications or substantially impair or impede their ability to protect their interests.

27. <u>Commonality</u>. Common questions of law and fact exist that affect all of the Class members, which predominate over questions that may affect individual Plaintiffs and include:

    a. whether Defendant was, at all relevant times during the class period, an operator of an ATM who imposed a fee on consumers for providing EFT transactions; and

    b. whether Defendant's complied, at all relevant times during the class period, with the fee notice requirements of EFTA;

    c. whether Plaintiff and other members of the Class are entitled to recover statutory damages of a minimum of $100 and a maximum of $1,000 per violation, plus attorney's fees and costs for Defendant's violation of the EFTA.

28. <u>Typicality</u>. The claims of Plaintiff are typical of the claims of the other members of the Class, and Plaintiff does not have any interest that conflicts with the interest of the Class members. Plaintiff and the other Class members were victims of the same unlawful and

willful conduct. The claim of the Plaintiff and other Class members are based upon the same legal theories.

29. Plaintiff will fairly and adequately protect the interests of the other members of the Class. Plaintiff is committed to prosecuting this Class Action and have retained experienced counsel to assist in the adjudication of this matter.

30. <u>Superiority</u>. Plaintiff does not anticipate any difficulty in the management of this action as a Class Action. The Class Action form is superior to other available methods for the fair and efficient adjudication of this controversy. Individual joinder of all Class Members is impracticable. Class Action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of effort and expense that numerous individual actions would entail. As the losses, injuries and damages suffered by each of the individual Class members is small in the context that this is pertinent to the class action analysis, the expenses and burden of individual litigation would make it economically infeasible to procedurally impracticable for the individual Class members to individually seek remedies for the Defendant's violations of the EFTA. On the other hand, important public interests, including the deterrence of unlawful conduct and the protection of unsophisticated consumers who engage in EFT transactions, will be served by adjudicating the matter as a class action. The economic impact on the Court system for the adjudication of individual claims of the Class members would be far more substantial than if the claims are adjudicated in this Class Action. The public interest in protecting the rights of consumers favors disposition of the controversy in class action form. Plaintiff is informed and believes that the individual

Class members have no interest in controlling the prosecution of separate actions. Plaintiff is unaware of any other litigation concerning the instant controversy already commenced by or against members of the Class.

31. <u>Injunctive Relief</u>. Defendant has acted on grounds generally applicable to the Class members, thereby making appropriate final injunctive relief with respect to the Class as a whole.

## JURY TRIAL DEMAND

32. Plaintiff requests a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

WHEREFORE, Plaintiff, individually, and on behalf of those others similarly situated, prays that this Court enter the following relief against the Defendant:

(a) Class certification;

(b) That Plaintiff be designated as the Class Representative and that Plaintiff's attorneys of record be designated as Class Counsel;

(c) Statutory Damages pursuant to 15 U.S.C. §1693m(a)(2)(A) be awarded for each violation as alleged herein;

(d) Attorneys' fees, litigation expenses and costs pursuant to 15 U.S.C. §1693m(a)(3);

(e) Interest as permitted by law;

(f) A permanent injunction enjoining Defendant from engaging in unlawful violations of the EFTA; and

(g) Such other and further relief including as the Court deems equitable and just under the circumstances.

DATED: July 17, 2009

          MILITZOK & LEVY, P.A.
          *Attorneys for the Plaintiff*
          The Yankee Clipper Law Center
          3230 Stirling Road, Suite 1
          Hollywood, Florida 33021
          (954) 727-8570 - Telephone
          (954) 241-6857 – Facsimile
          mjm@mllawfl.com

          By: /s/ Matthew J. Militzok
          MATTHEW J. MILITZOK, ESQ.
          Fla. Bar No.: 0153842

Exhibit A

STERLING BANK
08/02/08 00:27 IP5491

************1771-000

1201 S ANDREWS AVE
FT LAUDERDALE, FL

| | |
|---|---|
| RECORD NO. | 7981 |
| WITHDRAWAL | $20.00 |
| FEE | $2.00 |
| TOTAL | $22.00 |
| FR CHECKING | |

AVAIL BAL        $2659.18

Exhibit "B"





# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.) **NOTICE: Attorneys MUST Indicate All Re-filed Cases Below.**

## I. (a) PLAINTIFFS
DANIEL TURNER

### DEFENDANTS
STERLING BANK

**(b)** County of Residence of First Listed Plaintiff  MIAMI-DADE
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant  PALM BEACH
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Matthew J. Militzok, Esq.; Militzok & Levy, P.A.
3230 Stirling Road, Suite 1, Hollywood, FL 33021
(954) 727-8570

Attorneys (If Known)

**(d)** Check County Where Action Arose: ☐ MIAMI-DADE  ☐ MONROE  ☑ BROWARD  ☐ PALM BEACH  ☐ MARTIN  ☐ ST. LUCIE  ☐ INDIAN RIVER  ☐ OKEECHOBEE HIGHLANDS

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff
☑ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

0:09 CV 61160-UU-Simonton

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☑ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☑ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | | ☐ 365 Personal Injury - Product Liability | | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 480 Consumer Credit |
| | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/Exchange |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability | | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☑ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | | | |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)

☑ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Re-filed- (see VI below)
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. RELATED/RE-FILED CASE(S).
(See instructions second page):

a) Re-filed Case ☐ YES ☑ NO    b) Related Cases ☐ YES ☑ NO

JUDGE                           DOCKET NUMBER

## VII. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause (**Do not cite jurisdictional statutes unless diversity**):

Electronic Fund Transfers Act, 15 U.S.C. §1693

LENGTH OF TRIAL via  2  days estimated (for both sides to try entire case)

## VIII. REQUESTED IN COMPLAINT:

☑ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ 1,000.00

CHECK YES only if demanded in complaint:
JURY DEMAND: ☑ Yes ☐ No

ABOVE INFORMATION IS TRUE & CORRECT TO THE BEST OF MY KNOWLEDGE

SIGNATURE OF ATTORNEY OF RECORD

DATE
July 17, 2009

FOR OFFICE USE ONLY
AMOUNT 350  RECEIPT # 541038  IFP